UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA E. GROSS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | No. 2:21-cv-00324 AC<br><br><br>**ORDER** |

　　　　Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] The parties agree that the case should be remanded to the Commissioner; the only remaining issues are the subjects for further proceedings and whether remand should be for an immediate award of benefits or for further consideration by the Commissioner. For reasons explained below, plaintiff's motion for summary judgment will be GRANTED in part and DENIED in part and defendant's motion for remand will be GRANTED. Judgement will be entered in favor of plaintiff.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).

1

## I.  PROCEDURAL BACKGROUND

On November 14, 2014 and December 30, 2014, respectively, plaintiff filed concurrent applications for Title II, Social Security Disability Insurance (SSDI) benefits and Title XVI, Supplemental Security Income (SSI) disability benefits, alleging onset of disability (AOD) on March 1, 2013.  AR 216-17, 218-28.  Plaintiff later amended her request, seeking a closed period of benefits from March 1, 2013 through August 6, 2016.  AR 782.

Following mesne administrative proceedings, by decision dated September 6, 2017, Administrative Law Judge (ALJ) Sara Gillis found Gross not disabled.  AR 12-25.  Plaintiff timely requested review of the ALJ's decision by the Appeals Council and on July 13, 2018 the Appeals Council denied the request.  AR 1-6.  Plaintiff timely filed a civil action in this Court, and on March 18, 2020, because of outcome-determinative substantive errors, Magistrate Judge Edmund F. Brennan issued an Order remanding the matter to the Agency.  AR 841-51.  Judge Brennan based the remand on the ALJ's failure to properly justify the decision to discount the opinion of Dr. Michelina Regazzi, Ph.D., who conducted a consultative examination of plaintiff in July 2013.  AR 848-49.  Judge Brennan found error because "[t]he ALJ offered no analysis before proclaiming that nothing in the [consultative examination] report supported Regazzi's limitation."  AR 849.  Finding this error required remand for reconsideration, plaintiff's other arguments were not considered.  AR 848.  On May 19, 2020, the Appeals Council issued an order remanding the matter to the ALJ for a new hearing.  AR 852-56.  On October 20, 2020, after another hearing, ALJ Gillis issued a second decision again finding plaintiff not disabled.  AR 779-97.  After 60 days, the ALJ's October 20, 2020 decision became the final order of the Agency from which Gross now seeks review.

Plaintiff filed this action on February 19, 2021.  ECF No. 1; see 42 U.S.C. § 405(g).  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 10.  The parties' cross-motions, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 19 (plaintiff's summary judgment motion), 20 (Commissioner's motion to remand and opposition to plaintiff's motion), 21 (plaintiff's response to defendant's motion to remand).

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error,

3

which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## III.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24 25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## IV.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2015.
>
> 2. [Step 1] The claimant engaged in substantial gainful activity during the following periods: (20 CFR 404.1520(b), 404.1571 *et seq*., 416.920(b) and 416.971 *et seq*.).
>
> 3. [Step 1, cont'd] There has been a continuous 12-month period during which the claimant did not engage in substantial gainful activity. The remaining findings address the periods the claimant did not engage in substantial gainful activity.
>
> 4. [Step 2] The claimant has the following severe impairments: obesity with mechanical back pain and bilateral carpal tunnel syndrome (20 CFR 404.1520(c) and 416.920(c)).
>
> 5. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 6. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can frequently handle, finger, and feel with both upper extremities and she can occasionally climb, balance, stoop, kneel, crouch, and crawl.
>
> 7. [Step 4] The claimant is capable of performing past relevant work as a storage clerk, hotel clerk, and administrative clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

      8.  The claimant has not been under a disability, as defined in the Social Security Act, from March 1, 2013, through the date of this decision (20 CFR 404.1520(g)).

AR 17-24.

As noted, the ALJ concluded that plaintiff was "not disabled" under Title II of the Act. AR 24.

## V.  ANALYSIS

Plaintiff alleges the ALJ (1) improperly considered certain medical source opinions; (2) improperly rejected plaintiff's testimony and lay witness testimony; and (3) committed errors at step five by failing to support the non-disability conclusion with substantial evidence. ECF No. 19-1 at 9-18. The procedural posture of this case is unusual in that the parties agree remand is necessary as to the medical opinions, and the only issue before the undersigned on that point is whether remand for an immediate award of benefits is appropriate. ECF No. 20 at 3. Per the Commissioner, "[u]pon review of Plaintiff's motion and the record, counsel for the Commissioner informed Plaintiff's counsel that the Commissioner would agree to voluntarily remand this case for further proceedings." Id. Plaintiff declined because the Commissioner would not agree to remand for an immediate award of benefits. Id. The undersigned evaluates the issue of remedy as to the medical testimony below, as well as plaintiff's remaining claims regarding plaintiff's testimony and lay witness testimony, which the Commissioner did not address. The court does not reach the issue of error at Step 5 because of errors at the earlier steps.

    A.  Medical Testimony

Because the Commissioner agrees to remand regarding the medical testimony, the only remaining question is whether remand should be for an immediate award of benefits or for further administrative proceedings. When a claimant seeks immediate payment of benefits, the Ninth Circuit has developed a three-part test—the "credit-as-true" rule—to determine whether a claimant may qualify for an award of benefits. Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100 (9th Cir. 2014). The rule, first articulated in Varney v. Sec'y of Health & Human Servs., 859 F.2d 1396 (9th Cir. 1988) (Varney II ), is as follows: (1) a plaintiff must show the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the record must be

6

fully developed, no outstanding issues must exist, and further proceedings would not be useful (e.g., there are no conflicts, ambiguities, or gaps in the record); and (3) if the prior steps are satisfied, the court "may," but is not required to, "exercise [its] discretion to depart from the ordinary remand rule." Treichler, 775 F.3d at 1100-01.

The first prong of the credit-as-true test is not in dispute. "The Commissioner agrees the ALJ erred in the evaluation of the medical opinion evidence." ECF No. 20 at 3. Plaintiff argues that the ALJ erred in evaluating the opinions from consultative psychologists Lenore Tate, Ph.D., and Michelina Regazzi, Ph.D. ECF No. 19-1 at 9-13. The Commissioner agrees, but asserts that even if these opinions are credited, there are conflicts that must be resolved, arguing:

> Dr. Tate opined Plaintiff was moderately limited in her ability to perform detailed and complex tasks and should be limited to one-to-two-step tasks (AR 613). The ALJ gave "great weight" to Dr. Tate's opinion (Tr. 789). The ALJ also gave "great weight" to Dr. Regazzi's opinion that Plaintiff was not significantly limited in her ability to perform complex tasks (Tr. 349, 789). The ability to perform one-to-two-step tasks differs greatly from an ability to perform complex tasks. Thus, remand is necessary to resolve the conflicts between these opinions.

ECF No. 20 at 5. Thus, the parties disagree as to the second prong: the need for further development of the record. Plaintiff argues that remand for an immediate award is appropriate because "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" ECF No. 19-1 at 17, quoting Lester v. Chater, 81 F.3d 821, 834.

"Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). In this case, plaintiff argues that because the ALJ erred in evaluating the opinions from consultative psychologists Lenore Tate, Ph.D., and Michelina Regazzi, Ph.D., the Court should credit these opinions and find her disabled. AR 19-1 at 13-17. However, "[t]he touchstone for an award of benefits is the existence of a disability, not the agency's legal error." Brown-Hunter v. Colvin, 806 F.3d 487, 495 (9th Cir. 2015). It is not enough to simply show the ALJ erred in evaluating the evidence; for an immediate award of benefits to issue it must be clear that, if the evidence were credited, plaintiff would be found disabled. In this case, as the Commissioner points out,

7

the medical opinions are not in perfect alignment. ECF No. 20 at 5. Further, even if plaintiff could not do the jobs identified by the vocational expert, it is not clear that if plaintiff were given a more restrictive RFC there would be no work available to her (e.g., sedentary work). Crediting the challenged medical opinions in this case would not result in a clear, unequivocal finding of disability. The medical opinions and medical evidence must be weighed in context, along with plaintiff's testimony and lay witness testimony, and proper hypotheticals must be presented to the vocational expert.

The court understands plaintiff's frustration with the lengthy process, particularly as this case has already been remanded for further proceedings once before. Nonetheless, it is for the Commissioner to determine disability in the first instance, and the record is not sufficiently developed in this case for the court to order an award of benefits. Thus, remand for further administrative proceedings is the necessary and appropriate remedy.

B. Plaintiff's Subjective Testimony

Plaintiff argues that "[b]ecause the ALJ improperly rejected Gross's testimony, this Court should credit Gross's testimony as a matter of law, find Gross disabled, and remand this matter for payment of benefits" ECF No. 19-1 at 20. The Commissioner does not address the issue of plaintiff's subjective testimony. ECF No. 20. Evaluating the credibility of a plaintiff's subjective testimony is a two-step process. First, the ALJ must "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. . . . In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." Garrison v. Colvin, 759 F.3d 995, 1014 (9th Cir. 2014) (internal citations omitted). Objective medical evidence of the pain or fatigue itself is not required. Id. (internal citations omitted). Second, if the ALJ does not find evidence of malingering, the ALJ may only reject the claimant's testimony by offering "specific, clear and convincing reasons for doing so." Id. (internal citations omitted). The Ninth Circuit has "repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain,

8

because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." Id. at 1016.

Plaintiff testified she can stand or walk for 20 minutes at a time, sit for 30 minutes at a time, lift no more than 5 pounds, and cannot use her hands for keyboarding activities for more than a few minutes at a time. AR 45-46. She also testified that she needs three 15-minute breaks during each workday to use the restroom because of her chronic diarrhea. AR 52. The ALJ discredited plaintiff, finding "these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." AR 22.

The ALJ's reasons for discounting plaintiff's subjective testimony with respect to her need for restroom breaks and her sit/stand limitations are legally sufficient. The ALJ did describe with particularity how the record conflicts with plaintiff's complaint of chronic diarrhea. The ALJ acknowledge that during the relevant period, in January 2015, the claimant underwent a sigmoidectomy after being diagnosed with recurrent diverticulitis and developed some post-surgical complications, being readmitted to the hospital in April 2015 for treatment of sigmoid diverticulitis with a small diverticular abscess. AR 18. However, the ALJ noted plaintiff "discharged in 'much improved' condition, and the record reflects no significant treatment for abdominal pain since this hospitalization." Id. As to plaintiff's testimony that she can stand or walk for 20 minutes at a time, sit for 30 minutes at a time, lift no more than 5 pounds, the ALJ's conclusion that a record of limited treatment with significant gaps is a specific and legitimate reason for discounting plaintiff. AR 22; see Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (record of minimal or conservative treatment can create permissible inference that subjective pain statements are not as severe as alleged). The ALJ referenced normal X-rays of the lumbar spine and hip in 2013 and 2015 with a treatment gap between 2013 and 2015. AR 22, 707, 750.

However, the ALJ erred with respect to plaintiff's testimony that she cannot use her hands for keyboarding activities for more than a few minutes at a time. The ALJ reasoned as follows:
////

>Other than positive Tinel's sign bilaterally and 'weakness' in the wrists, physical examination of the claimant's upper extremities showed normal findings (Exhibit 7F). Further, [Physician Assistant] Okungbowa failed to describe the severity of the claimant's weakness; therefore, it is impossible to know if this was slight or significant. Ms. Okungbowa did provide the claimant with a referral to a neurologist, which was approved by the claimant's insurance company; however, she testified in March 2017 that she had still not followed up on this treatment recommendation (Exhibit 7F). Physical examinations in June 2015 and September 2016 also showed normal findings. Further, the claimant testified at the hearing that she is able to work for four hours per day on the computer despite her carpel tunnel syndrome.

AR 22. The ALJ's rationale is legally insufficient because Physician Assistant Okungbowa's failure to rate plaintiff's writ weakness creates an ambiguity at most, and cannot be said to discredit plaintiff. Further, the ALJ misrepresents plaintiff's testimony. Plaintiff did not state she can work at a computer for four hours a day; she stated with respect to her computer work "maybe we do like two, three times -- two, three minutes at a time" (AR 46) for "probably about maybe four hours" over the course of the workday, intermittently making calls and imputing information. AR 49. The ALJ erred here, and this error is not harmless because it may impact plaintiff's RFC with respect to fingering and handling limitations. Again, however, remand for an immediate award of benefits is not warranted because a more extensive fingering and handling limitation may eliminate the jobs identified by the VE (AR 821-22), it may or may not eliminate all employment. A review of the evidence regarding fingering and handling limitations must take place, and a revised RFC must be presented to the VE.

### C. Lay Witness Testimony

The ALJ noted that plaintiff's husband, Jason Gross, completed a Third Party Function Report that "generally supported the claimant's allegations." AR 23. The ALJ discredited Mr. Gross's report because he is "not medically trained" and because, due to his familial relationship with plaintiff, "cannot be considered a disinterested third-party witness[.]" AR 23-24. The ALJ further discredited Mr. Gross because his report "is simply not consistent with the preponderance of the objective medical evidence in this case." AR 24.

An ALJ must consider lay testimony as to a plaintiff's symptoms unless she provides reasons germane to the witness for disregarding it. Lewis v. Apfel, 236 F.3d 505, 511 (9th Cir.

2001) ("Lay testimony as to claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so."). Here, The ALJ's concern over Mr. Gross's potential bias as an interested party is improper and cannot be considered a germane reason for dismissing his testimony. "The fact that a lay witness is a family member cannot be a ground for rejecting his or testimony. To the contrary, testimony from lay witnesses who see the claimant every day is of particular value; ... such lay witnesses will often be family members." Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996); see Robbins v. Social Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (finding reversible error where ALJ failed to account for testimony of claimant's son that offered "eyewitness evidence supporting his father's claims as to functional limitations and severity of pain"). The Ninth Circuit has explicitly held that "family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to [his] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993).

Second, the fact that Mr. Gross does not have medical training to make "exacting observations as to the date, frequencies, types, and degrees of medical signs and symptoms" of his wife is not a germane reason for discrediting her testimony. AR 24. In Dodrill v. Shalala, the Ninth Circuit criticized an ALJ's "mistaken impression that lay witnesses can never make independent observations of the claimant's pain and other symptoms." 12 F.3d 915, 918 (9th Cir. 1993). The court explained the value in eyewitness testimony the ALJ appeared to have overlooked: "An eyewitness can often tell whether someone is suffering or merely malingering.... [T]his is particularly true of witnesses who view the claimant on a daily basis." Id. Here, Mr. Gross's statements revolved around his first-hand observations from living with plaintiff; he did not purport to give a medical diagnosis. The ALJ fails to demonstrate how any of Mr. Gross's observations would require medical expertise, and her rationale for discounting Mr. Gross's testimony was not germane to the witness. The ALJ's general, non-specific statement that Mr. Gross's testimony is not supported by a preponderance of the objective medical evidence does not constitute a germane stand-alone reason for discounting Mr. Gross's testimony. The ALJ erred on this point.

D. Remand

The undersigned agrees with plaintiff that the ALJ's errors are harmful but agrees with the Commissioner that and remand for further proceedings is necessary. An error is harmful when it has some consequence on the ultimate non-disability determination. Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ's error in this matter was harmful; plaintiff's subjective testimony, the third-party testimony, and the medical opinion statements, properly considered, may very well result in a more restrictive residual functional capacity assessment, which may in turn alter the finding of non-disability.

It is for the ALJ to determine in the first instance whether plaintiff has severe impairments and, ultimately, whether she is disabled under the Act. See Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) ("the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court"). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). Here, the ALJ failed to properly consider plaintiff's testimony. Further development of the record consistent with this order is necessary, and remand for further proceedings is the appropriate remedy.

On remand the Commissioner shall reconsider the opinions of three of Gross's examining doctors (Dr. Regazzi, Dr. Tate, and Dr. Vesali), plaintiff's subjective testimony regarding her carpel tunnel syndrome, and the lay witness testimony of Jason Gross.

VI. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 19), is GRANTED in part and DENIED in part;

2. The Commissioner's cross-motion for summary judgment (ECF No. 20), is GRANTED

3. This matter is REMANDED to the Commissioner for further consideration consistent with this order; and

////

4. The Clerk of the Court shall enter judgment for plaintiff and close this case.

DATED: August 22, 2022

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE